UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN EDWARD CONLEY,              )
                                 )
       Plaintiff              )
                                 )
v.                               )    Civil No. 08-202-P-S
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
       Defendant              )

### REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge erred in finding that the plaintiff's nonexertional limitations did not significantly erode the sedentary occupational base, in omitting identified limitations from the residual functional capacity assigned to the plaintiff, and in assigning a physical residual functional capacity that was not supported by medical opinion. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation procedure, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from anxiety, depression, opiate abuse in remission and paraspinal mass, impairments that were severe

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on January 16, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

but, whether considered individually or in combination, did not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 15; that the plaintiff retained the residual functional capacity to perform a full range of sedentary work, limited to simple, routine, repetitive tasks involving sustained attention in two-hour blocks, normal, routine interaction with co-workers and supervisors, no interaction with the public, and the ability to adapt to changes in a work setting, Finding 5, *id*. at 16; that he was unable to perform his past relevant work, Finding 6, *id*. at 20; that, given his age (24), high school education, unskilled past relevant work, and residual functional capacity, there were jobs in significant numbers in the national economy that he could perform, Findings 7-10, *id*.; and that the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, October 1, 2001, through the date of the decision, Finding 11, *id*. at 21. The Decision Review Board upheld the decision, *id*. at 2-5, making it the final determination of the commissioner, 20 C.F.R. § 405.45(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his or her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482

U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### Discussion

The plaintiff first challenges, Itemized Statement of Errors ("Itemized Statement") (Docket No. 6) at 2-4, the administrative law judge's conclusion that the nonexertional limitations included in the residual functional capacity he assigned to the plaintiff "virtually leave[] the sedentary occupational base intact."  Record at 21.  When the Grid is used as a framework, the administrative law judge must either consult a vocational expert, *Burgos Lopez v. Secretary of Health & Human Servs.,* 747 F.2d 37, 42 (1st Cir. 1984), or demonstrate ample support in the record for the proposition that the nonexertional impairment at issue only marginally reduces the relevant occupational base, *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 524-26 (1st Cir. 1989).  The vocational expert who testified at the hearing in this case provided no testimony on this issue. Record at 42-45.

Nor is there any evidence of record that limitations such as those found by the administrative law judge to affect the plaintiff – specifically, limitation to simple, routine, repetitive tasks involving sustained attention only in two-hour blocks and no interaction with the public, Record at 16 – do not significantly affect a claimant's ability to perform the full range of light work or reduce the occupational base for such work only marginally.  *Ortiz*, 890 F.2d at 524.  "[A]lthough a nonexertional impairment can have a negligible effect, ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the

3

matter is self-evident." *Seavey v. Barnhart*, 276 F.3d 1, 7 (1st Cir. 2001) (citation and internal quotation marks omitted).

In this case, the administrative law judge stated that he had taken "administrative notice" that unidentified unskilled sedentary occupations existed in significant numbers that would not be affected by the plaintiff's identified mental limitations sufficient to allow the plaintiff to make an adjustment to that work. Record at 21. He defined "administrative notice" as

> recognition that various authoritative publications identify occupations which exist in the national economy . . . (*See* 20 C.F.R. § 416.966, and Social Security Rulings 83-10 and 96-9p, footnote 5). These jobs can be performed after a short demonstration or within thirty days, and do not require special skills or experience (Appendix 2, Subpart P, 202.00(a)).

Record at 21.

This is simply insufficient information, none of it in the record, to constitute the required "ample support" for the administrative law judge's conclusion. It deprives the court of the ability to review the commissioner's decision intelligently. In addition, none of the sources cited by the administrative law judge discusses the effect of the specific mental limitations assigned to the plaintiff on the full range of sedentary work. *See generally* Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2008), at 161 (in less complex cases, administrative law judge may consult "authoritative written resources, such as the DOT, the SCO, the Occupational Outlook Handbook, or County Business Patterns" in these circumstances). If the administrative law judge has taken "administrative notice" of the contents of an "authoritative publication," he must, at a minimum, identify the publication and the page or pages on which the relevant information appears.

Further, as the plaintiff notes, Itemized Statement at 3, a limitation to simple, repetitive tasks, even without the two-hour limit on sustained attention that exists in this case, eliminates

sedentary jobs with a General Educational Development reasoning level of 3 or more, *see, e.g., Carter v. Barnhart*, 2005 WL 3263936 (D. Me. Nov. 30, 2005), at *2- 4, and the limitation to no public contact eliminates unskilled sedentary jobs such as cashier and clerk.   The commissioner needs much more specific "ample support," or the testimony of a vocational expert, to sustain his Step 5 evidentiary burden under the circumstances of this case.  *See Brown v. Barnhart*, 2006WL 3519308 (D. Me. Dec. 6, 2006), at *6.

At oral argument, counsel for the commissioner cited to mostly unreported cases from this and other jurisdictions in which, she contended, one of the mental limitations identified by the administrative law judge in this case was found not to limit the full range of jobs in a particular exertional capacity sufficiently to preclude use of the Grid as a framework.  Even if all of that case law was correctly invoked,[2] it is distinguishable because none of it considered the effect, as here, of more than one of these limitations in combination, and that combination of limitations is much more likely to reduce the full range of jobs at the exertional level at issue.

Remand is required for these reasons alone.   However, I will briefly address the plaintiff's other arguments for the benefit of the parties' respective presentations on remand.

The plaintiff contends that the administrative law judge erred in failing to incorporate, in the residual functional capacity he assigned to the plaintiff, the moderate mental difficulties that he found to exist.  Itemized Statement at 4-5.   The portion of the opinion at issue provides:

---

[2] *But see Falcon-Cartagena v. Commissioner of Social Sec.*, 21 Fed.Appx. 11, 2001 WL 1263658 (1st Cir. Oct. 11, 2001), at **2 (unspecified moderate limitations in work-related areas of functioning did not affect sedentary occupational base more than marginally); *MacFarlane v. Astrue*, 2008 WL 660225 (D. Me. Mar. 5, 2008), at *3 (restriction to jobs that do not require constant interaction with others not same as no interaction with others); Report and Recommended Decision, *Harthorne v. Astrue,* Civil No. 08-120-B-W (D. Me. Nov. 16, 2008), slip op. at 9-10 (plaintiff chose not to attack reliance on Grid where finding required her to avoid frequent contact with public); *Lassor v. Astrue*, 2007 WL 2021924 (D. Me. July 11, 2007), at *4 (different nonexertional impairments); *Dollins v. Astrue*, 2008 WL 4402208 (E.D.Ky. Sept. 24, 2008), at *4 (limitation to simple work that allows for less stress work without public contact does not preclude use of Grid where there is no physical limitation on the occupational base); *Garcia-Martinez v. Barnhart*, 111 Fed.Appx. 22, 2004 WL 2240136 (1st Cir. Oct. 1, 2004) (same, with addition of limitation to routine, repetitive work).

> Based on the entire evidence of record, the undersigned finds that the claimant experiences mild limitation in activities of daily living; moderate limitation in social functioning; moderate limitation in concentration/persistence/pace; and no episodes of decompensation of extended duration.

Record at 18. Contrary to the plaintiff's contention, it is possible that these limitations are included in the residual functional capacity as the limitations to simple, repetitive tasks with sustained attention of only two hours and no interaction with the public. *Id.* at 16. Indeed, that is virtually the only finding in the administrative law judge's discussion of the residual functional capacity that could provide the basis for those limitations. *See id.* at 16-19.

*Leighton v. Astrue*, 2008 U.S.Dist.LEXIS 50196 (D. Me. June 30, 2008), the only case cited by the plaintiff in support of his position, Itemized Statement at 4, is distinguishable. In that case, the mental limitations included by the administrative law judge in the residual functional capacity he assigned to the claimant entirely ignored the moderate difficulties in the relevant work activities that he had also found to exist. *Id.* at *9-*10. Here, the work limitations and the mental limitations are consistent, as I have noted.

Finally, the plaintiff contends that the residual functional capacity assigned by the administrative law judge was not supported by medical evidence and that the administrative law judge impermissibly interpreted raw medical evidence. Itemized Statement at 5-6. However, he also admits that he "did not affirmatively assert physical limitations[,]" but only "presented . . . a case of mental impairments." *Id.* at 5. The assignment of a physical residual functional capacity for sedentary work is therefore more favorable to the plaintiff than should have been the case. When a claimant contends that an administrative law judge has erroneously given him a residual functional capacity more favorable than justified by the circumstances of the application, this court's uniform position has been that the claimant cannot obtain a remand to the commissioner

on this basis. *E.g., Quimby v. Astrue*, 2008 WL 660180 (D. Me. Mar. 5, 2008), at *2 n.2; *MacFarlane v. Astrue*, 2008 WL 660225 (D. Me. Mar. 5, 2008), at *4. The plaintiff has offered no reason why his claim to this effect should be treated differently.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED**, and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of January, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge